UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――
UNITED STATES OF AMERICA

             -v-                                  20-CR-162 (JPO)

MICHAEL POSNER,                              ORDER
                           Defendant.
―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Defendant Michael Posner is charged in the operative Superseding Indictment with one count of participating in a conspiracy to create, produce, market, and distribute misbranded and adulterated drugs, including new animal drugs, with the intent to defraud and mislead, contrary to 21 U.S.C. §§ 331 & 333(a)(2), in violation of 18 U.S.C. § 371. Posner has filed a motion to dismiss the indictment and to strike certain allegedly prejudicial language from the indictment. (ECF No. 126.) The Court heard oral argument on the motion on December 16, 2021.

**I.    Background**

      The indictment charges: "Between at least 2014 and at least 2016, MICHAEL POSNER, the defendant, who is and at all relevant times was a licensed veterinarian, allowed [co-defendant Scott] MANGINI to use his name and credentials to generate prescriptions for customers who purchased an ulcer medication for horses that MANGINI manufactured, which was not an FDA-approved product. POSNER did not conduct veterinary examinations of the horses prior to the sale of these products." (ECF No. 64 ¶ 8.) The indictment alleges various ways in which the drugs "distributed, sold, and/or otherwise authorized . . . were misbranded and adulterated," including that they were manufactured in unregistered facilities, were labeled with false or deficient information, lacked requisite FDA approvals, and that prescription drugs were issued with no or "false prescriptions." (*Id.* ¶ 10.) The indictment further alleges that Posner and

1

Mangini entered into a conspiracy with three objects, each "with the intent to defraud and mislead": (1) to "introduce . . . into interstate commerce adulterated and misbranded drugs [as defined by the Food, Drug, and Cosmetic Act (FDCA)]"; (2) to "cause the adulteration and misbranding of drugs in interstate commerce"; and (3) to "cause the receipt in interstate commerce of adulterated and misbranded drugs . . . and . . . delivery thereof." (*Id.* ¶¶ 12-15.)

## II.   Discussion

Posner argues (1) that the indictment should be dismissed because it fails to state an offense, (2) that the indictment should be dismissed for improper venue, and (3) that certain prejudicial surplusage should be ordered stricken from the indictment.

### A.   Sufficiency of the Indictment

A defendant may move to dismiss an indictment on the ground that it "fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). A challenge to whether a statutory element has been satisfied is a matter for trial. *See United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

Posner argues that the indictment is deficient because, while it alleges an intent to "defraud or mislead" on Posner's part, it fails to allege specific victims at whom the alleged deception was targeted. Posner cites no case law, however, supporting his argument that an indictment must specify the alleged victims in this context. The Second Circuit has held that an indictment "meets the[] basic pleading requirements by accurately stating the elements of the

2

offense charged and the approximate time and place [of the charged conspiracy]." *Alfonso*, 143 F.3d at 776. Section 333(a)(2) of Title 21 reads: "[I]f any person . . . commits [a violation of 21 U.S.C. § 331] with the intent to defraud or mislead, such person shall be [guilty of a felony]." The indictment here meets the pleading requirements by alleging an "intent to defraud or mislead" together with sufficiently detailed allegations regarding the circumstances of the conspiracy. Other circuits have also concluded that this is sufficient in the context of the FDCA. *See United States v. Orrego-Martinez*, 575 F.3d 1, 7 (1st Cir. 2009); *United States v. Arlen*, 947 F.2d 139, 145 (5th Cir. 1991). The cases cited by Posner are distinguishable for the reasons explained by the Government. (*See* ECF No. 130 at 11–13 & n.4.) The indictment sufficiently states a federal offense.

Moreover, the Government stated at oral argument that "the victims here are the federal and state regulatory agencies." (ECF No. 134 at 26.) This clarification would appear to substantially address the fair-notice issue raised by Posner.

**B.     Venue**

Posner next argues that the indictment should be dismissed for lack of venue. He points out that his entire relationship with Mangini "began, continued, and ended in the state of Florida," and he contends that he is prejudiced by being prosecuted in the Southern District of New York. (ECF No. 126 at 25.)

"In a prosecution for conspiracy, venue is proper in any district in which 'an overt act in furtherance of the conspiracy was committed by any of the coconspirators.' The defendant need not have been present in the district, as long as an overt act in furtherance of the conspiracy occurred there." *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994). The indictment alleges an overt act in this District, *viz.*: "Mangini fulfilled or caused to be fulfilled an order for

63 units of an ulcer medication using the name, address, and license number of POSNER, to be delivered to a customer located in the Southern District of New York." (ECF No. 64 ¶ 16.e.)

Posner argues at length that any acts taking place in this District were not reasonably foreseeable to him. These arguments, however, are properly suited to a post-trial motion (as indicated by the cases he cites), rather than a motion to dismiss an indictment that specifically alleges an overt act in this District. Under Second Circuit case law, Posner's motion to dismiss the indictment for lack of venue must be denied.

### C. Motion to Strike Prejudicial Surplusage

Finally, Posner asks the Court to strike from the indictment certain allegedly prejudicial language.

Under Rule 7(d) of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." A defendant seeking to strike surplusage must show that "the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996).

Posner contends that the indictment's extended discussion of performance-enhancing drugs and their harmful effects on horses and the horse-racing industry is irrelevant and highly prejudicial to him. The Government counters that Posner knew of Mangini's connection to the horse-racing industry and that these allegations are necessary to establish the nature of the agreement between the two men.

As with Posner's prior argument regarding "reasonable foreseeability," the Court concludes that this challenge is premature. The Court does not find that these portions of the

indictment are so clearly irrelevant and prejudicial that they should be stricken at this juncture. However, Posner may renew his argument if and when the indictment is presented to a jury.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss the indictment and to strike surplusage is denied.

The Clerk of Court is directed to close the motion at ECF No. 126.

SO ORDERED.

Dated: February 14, 2022
      New York, New York

                               _____
                                      J. PAUL OETKEN
                                  United States District Judge