**WALDEN**
**MACHT**
**&HARAN** LLP

250 Vesey Street
27th Floor
New York, NY 10281

wmlaw.com
T: 212-335-2030
F: 212-335-2040

Application denied.
So ordered:
11/21/2023

October 27, 2023

J. PAUL OETKEN
United States District Judge

**VIA ECF**

The Honorable Paul J. Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    ***United States v. Posner***, No. 20-cr-162 (JPO)

Dear Judge Oetken:

We represent Dr. Michael Posner in the above-captioned matter. We write to respectfully request that the Court terminate Dr. Posner's remaining term of probation, pursuant to 18 U.S.C. § 3564(c).

On September 29, 2022, Dr. Posner was sentenced to two years of probation with special conditions after pleading guilty to one count of misdemeanor misbranding. *See* Judgment, Dkt. No. 161. The special conditions attached to his sentence include: (i) home confinement for two months; (ii) 100 hours of community service; (iii) two training sessions regarding FDA regulations governing the distribution of prescription drugs; (iv) a neutral third party to audit defendant's prescription records each quarter; and (v) agreeing to not treat or issue medications for any horses absent a bona fide medical emergency. *See id.*

Dr. Posner has now served more than one year of probation and has successfully completed the above-ordered special conditions. He has committed no violations or infractions while on probation. Indeed, Dr. Posner has gone above and beyond with his community service and completed well over the required 100 hours, which we believe counsels in favor of early termination of his probationary term. *See, e.g., United States v. Ahlgrimm*, No. 14-cr-374

(E.D.N.Y. Dec. 7, 2017), Dkt. No. 91 (granting early termination request for defendant who was sentenced to probation for two years for conspiracy to commit mail and wire fraud; the defendant "served more than one year of probation, satisfied all ordered conditions and has committed no infractions"); *see also United States v. Landsman*, No. 17-cr-00653 (E.D.N.Y. Apr. 22, 2020), Dkt. No. 41 (granting early termination request for defendant who was sentenced to probation for two years for misdemeanor misbranding of non-FDA approved Botox).

Beyond the 100+ hours of community service, Dr. Posner continues to donate numerous hours of his time to help sick animals.  Recently, he performed life-saving surgery on a turtle that was brought in off the street with a devastating crack in its shell, after being hit by a car.  He is also currently housing and caring for three baby squirrels, one of which had half of his leg cut off by a gardener.  Dr. Posner performed surgery to amputate the remaining portion of his leg and has kept all three babies in his home over the last month until they are strong enough to go back outside.

The Court may, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), "terminate a term of probation previously ordered and discharge the defendant *at any time in the case of a misdemeanor* or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c) (emphasis added).

Among the factors to be considered under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from future crimes of the defendant.  *See* 18 U.S.C. §§ 3553

(a)(1), (a)(2)(A)-(C).  *See also* Fed. R. Crim. P. Rule 32.1(c)(2) (permitting a court to modify conditions of probation without a hearing).[1]

As set forth below, when considering Dr. Posner's exemplary character and conduct while on probation, his lack of prior convictions, his very young children and strong family relationships, his lack of any future threat to the public, his cooperative nature throughout the lifespan of the case, his compliance with all conditions of probation, and his extremely productive and charitable disposition, the interests of justice favor early termination of the approximately eleven months of probation that remain on his sentence.  *See, e.g.*, *United States v. Chowdhury*, No. 21-cr-456 (S.D.N.Y. Sept. 20, 2023), Dkt. No. 136 (granting early termination of two-year probation sentence where defendant complied with all conditions of probation, was extremely remorseful for his conduct, and presented no future threat to the public); *United States v. Williams*, No. 02-CR-1372 (S.D.N.Y. Feb. 7, 2022), Dkt. No. 593 (granting early termination request where defendant successfully completed all conditions of release and strengthened family bonds and relationships).

On June 29, 2022, Dr. Posner pleaded guilty to misdemeanor misbranding in connection with an ulcer medication for horses, accepted responsibility for his conduct, and expressed genuine remorse.  As the Court may recall, Dr. Posner's strict liability offense conduct spanned less than two years and involved "caus[ing] a compounded version of the drug omeprazole, labeled as a prescription oral paste, to be dispensed by a pharmacist without a valid prescription." Dr. Posner was paid approximately $7,000 for his limited role in the offense and, as confirmed by the PSR, there were no victims.  His co-defendants, on the other hand, engaged in a long-running scheme

---

[1] With respect to Rule 32.1(c) of the Federal Rules of Criminal Procedure, Dr. Posner waives his right to a hearing.

that involved misbranding and marketing dangerous performance enhancing drugs – with the intent to defraud – ultimately profiting in the millions of dollars.

Post-sentencing, Dr. Posner quickly paid the court-imposed fine of $10,000.00, the special assessment of $25.00, and satisfied each of the special conditions listed above, including two months of home confinement during the 2022 holidays.  He is an extremely pleasant and easy-going person, and we certainly agree with Probation Officer Michel that his resources would be better spent on more serious offenders who require supervision.  Dr. Posner has demonstrated a track record of compliance, has not committed any infractions, and had a clean record before this case.  There is no likelihood of any future criminal conduct by Dr. Posner from which the public needs protection.  The more than one year of probation that he has already served, which included two months of home confinement, as well as oversight of his prescription records, have provided just punishment and adequate deterrence.

In addition, Dr. Posner reported his federal misdemeanor conviction to the Florida Board of Veterinary Medicine (the "Board").  The Board reviewed the judgment in this federal case and took into consideration, among other things, Dr. Posner's lack of any criminal history or record before this case and decided to impose a non-supervised probationary period to run concurrently with his federal probation.  At one point during the administrative settlement discussions, a fine was considered but the Board ultimately dropped any financial component and determined that no further supervision or punitive measures were required.

We believe that the Board's decision further reflects that Dr. Posner is a good, well-respected veterinarian and human being who made a mistake, and that he has been punished enough.  Indeed, the Board agreed to remove the probationary period on his veterinary license once the federal probation concludes, which makes this application for early termination even

4

more important, as it will finally allow Dr. Posner to move on with his life and live out his remaining years free from the substantial restrictions imposed by a sentence of probation.[2]  Dr. Posner has discussed this request with Probation Officer Michel, who not only consents to the relief sought, but recommended that Dr. Posner seek it in the first place.

It is important to underscore that Dr. Posner is extremely remorseful for his conduct.  As attested by many family, friends, and community members, Dr. Posner is a person of high moral character.  Despite his health issues and advancing age (he is almost 76 years old), the demanding circumstances of this federal criminal case, and the countless hours spent with his attorneys and away from his family, Dr. Posner always wears a smile for his young children and to work every single day and continues to treat his patients and staff with the utmost compassion and care.

Likewise, prior to his sentencing, Dr. Posner was amiable and cooperative with the federal agents and the United States Attorney's Office, providing, on a voluntary basis and early in the investigation, relevant information and documents.  At 75 years old, Dr. Posner very much wishes to move on with his life; he desperately wants to put this chapter behind him and his family and get back to doing what he does best: being an attentive and loving parent, husband, and veterinarian.

We respectfully submit that Dr. Posner's successful completion of more than one year of probation, including his completion of all the court-ordered special conditions, when balanced against the offense conduct and Dr. Posner's character, satisfies the sentencing objectives in 18 U.S.C. § 3553 and militates in favor of early termination pursuant to 18 U.S.C. § 3564(c).

---

[2] *See Gall v. United States*, 552 U.S. 38, 48 (2007).

We spoke with AUSA Mortazavi regarding this request.  Although we tried to persuade the Government to consent to this application based on the information set forth above, we were unsuccessful in doing so.

Thank you for your consideration.

Respectfully,

*Amanda Senske*

Gordon Mehler
Amanda Senske

*Attorneys for Dr. Michael Posner*

cc:   AUSA Sarah Mortazavi (by ECF)
      Probation Officer Lucien Michel (by email)